T.C. Memo. 1999-302

UNITED STATES TAX COURT

DIESEL PERFORMANCE, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5019-98.                    Filed September 14, 1999.

Richard S. Calone and Jason W. Harrel, for petitioner.

Neal O. Abreu and Christian A. Speck, for respondent.

MEMORANDUM OPINION

PARR, Judge:  Respondent determined deficiencies of $17,822
and $14,506 in petitioner's Federal income taxes for the taxable
years ending June 30, 1994, and June 30, 1995, respectively, and
an accuracy-related penalty of $3,564 under section 6662(a) for
1994.

All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

After concessions,[1] the issues for decision are: (1) Whether petitioner made a timely election to waive the carryback period with respect to its net operating loss for its tax year ending June 30, 1992. We hold it did not. (2) Whether the period of limitations bars the assessment and collection of the deficiency in income tax for the tax year ending June 30, 1994. We hold it does not. (3) Whether the duty of consistency doctrine, or in the alternative, the theory of equitable estoppel, applies under these circumstances. We hold they do not.

This case was submitted fully stipulated under Rule 122. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioner's principal place of business was located in Stockton, California.

---

[1]Petitioner conceded respondent's determination with respect to the sec. 481 adjustment for the taxable year ending June 30, 1995. Respondent conceded that the accuracy-related penalty under sec. 6662(a) does not apply to petitioner for the taxable year ending June 30, 1994.

## Background

Diesel Performance, Inc. (Diesel Performance), is a corporation permitted to do business in California. It was incorporated on January 2, 1973.

For the tax year ending June 30, 1992, petitioner timely filed its corporate income tax return, Form 1120. The originally filed Form 1120 for the tax year ending June 30, 1992, showed a profit (taxable income) for petitioner.

Due to accounting errors related to section 263A adjustments, petitioner's accountant discovered that the original Form 1120 for the tax year ending June 30, 1992, was incorrect. After discovering the error, petitioner prepared an amended Form 1120X for the tax year ending June 30, 1992, which was filed on March 25, 1994. The Form 1120X, for the first time, showed petitioner had actually sustained a loss for that period. Respondent does not dispute the accuracy of the loss reported on petitioner's Form 1120X for the period ending June 30, 1992.

On the Form 1120X, petitioner attached a statement which read:

ELECTION TO RELINQUISH
NET OPERATING LOSS CARRYBACK PERIOD

DIESEL PERFORMANCE, INC.
EIN: 94-2194385
FORM 1120
Fiscal Year Ended June 30, 1992

Taxpayer incurred a net operating loss in its taxable year ended June 30, 1992, and is entitled to a three-year carryback period with respect to that loss under Code Section 172(b)(1) of the Internal Revenue Code.

Pursuant to Code Section 172(b)(3)(C), the taxpayer hereby elects to relinquish the entire carryback period with respect to the net operating loss incurred in its taxable year ended June 30, 1992.

On petitioner's Form 1120 filed for the tax year ending June 30, 1994, petitioner claimed a reduction in gross income in an amount representing the net operating loss from the June 30, 1992, period. In auditing petitioner's June 30, 1994, Form 1120, respondent disallowed the net operating loss carryover from June 30, 1992, on the grounds petitioner had not included a valid election to waive the carryback period on a return filed by the original due date.

Respondent issued a notice of deficiency for the taxable year ending June 30, 1994, disallowing $55,769 of the net operating loss petitioner attempted to carry forward to the June 30, 1994, taxable year.

On petitioner's original Forms 1120 for the taxable years ending June 30, 1989, and 1990, petitioner reported net taxable income of $109,646 and $191,445, respectively.

On petitioner's original Form 1120 for the taxable year ending June 30, 1991, petitioner reported a loss of $11,877. Petitioner included with the original return its election to waive the carryback period for the reported loss.

On petitioner's amended Form 1120X for the taxable year ending June 30, 1991 (filed on or about April 20, 1994), petitioner reported a loss of $79,007.

### Discussion

Respondent determined that petitioner did not make a timely election to waive the carryback period on the amended return for the tax year ending June 30, 1992.  Petitioner asserts that it did make a valid election to relinquish the carryback period with respect to its net operating loss for the tax year ending June 30, 1992.

In general, section 172 allows a deduction for an amount equal to the aggregate of the net operating loss carryovers to a taxable year plus the net operating loss carrybacks to that year. See sec. 172(a).  Section 172(b), as in effect for the years at issue, required that a net operating loss first be carried back to each of the 3 previous taxable years and, if it was unabsorbed by those years, that the remaining portion be carried forward to the 15 following taxable years.  See sec. 172(b)(1) and (2).

Section 172(b)(3), however, provides that a taxpayer may elect to relinquish the entire carryback period and carry forward

the loss to the taxable years following the loss year.  That

section further provides:

> (3) * * * Such election shall be made in such manner as may be prescribed by the Secretary, and shall be made by the due date (including extensions of time) for filing the taxpayer's return for the taxable year of the net operating loss for which the election is to be in effect.  Such election, once made for any taxable year, shall be irrevocable for that taxable year.

The regulations, in accord with the statute, provide that

the "election must be made by the later of the time, including

extensions thereof, prescribed by law for filing income tax

returns for such taxable year or March 8, 1977."  Sec. 7.0(b)(1),

Temporary Income Tax Regs., 42 Fed. Reg. 1469-1470 (Jan. 7,

1977),[2] which regulation is entitled Various Elections Under the

Tax Reform Act of 1976.  As to the manner in which the election

is to be effected, section 2, Temporary Income Tax Regs., 42 Fed.

Reg. 1470 (Jan. 7, 1977), provides:

> (d) Manner of making election.  Unless otherwise provided in the return or in a form accompanying a return for the taxable year, the elections described * * * shall be made by a statement attached to the return (or amended return) for the taxable year.  The statement required when making an election pursuant to this section shall indicate the section under which the election is being made and shall set forth information to identify the election, the period for which it applies, and the taxpayer's basis or entitlement for making the election.

---

[2]The regulation was redesignated in 1992 as sec. 301.9100-12T, Temporary Income Tax Regs., 57 Fed. Reg. 43893 (Sept. 23, 1992).

In <u>Young v. Commissioner</u>, 83 T.C. 831, 840-841 (1984), affd. 783 F.2d 1201 (5th Cir. 1986), this Court concluded that the taxpayer's "amended return is irrelevant" in determining substantial compliance with the election requirements. In rejecting the taxpayer's argument that section 7.0(d), Temporary Income Tax Regs., 42 Fed. Reg. 1469 (Jan. 7, 1977), provides that an election may be made in an amended return, the Court explained:

> This is true; however, in order to square the regulation with the directive of the statute, an election made in a subsequently filed return can only be effective if the subsequently filed return is filed before the due date of the return. [<u>Young v. Commissioner</u>, <u>supra</u> at 841 n.9.]

We accept that petitioner made an honest mistake when filing its original return for the tax year ending June 30, 1992. Furthermore, we accept that it attempted to elect to relinquish the carryback period on its amended return for the tax year ending June 30, 1992. The due date, with extensions, of petitioner's return for the tax year ending June 30, 1992, however, was March 15, 1993. Petitioner did not file the amended return with the election until March 25, 1994. Therefore, petitioner did not make a timely election to waive the carryback period on its amended return for the tax year ending June 30, 1992. See <u>Young v. Commissioner</u>, <u>supra</u>; <u>Klyce v. Commissioner</u>, T.C. Memo. 1999-198; <u>Menaged v. Commissioner</u>, T.C. Memo. 1991-79.

Petitioner next argues that the period of limitations under section 6501 bars the assessment and collection of the deficiency in income tax for the tax year ending June 30, 1994. Petitioner's amended return for the tax year ending June 30, 1992, was filed on March 25, 1994.  According to section 6501, petitioner argues, the period of limitations for the tax year ending June 30, 1992, expired September 15, 1995.

An amended return, even if accepted by the IRS, is considered a mere supplement, and the original return is used for purposes of determining the period of limitations on assessment. See Zellerbach Paper Co. v. Helvering, 293 U.S. 172 (1934). Therefore, petitioner is correct in that generally the period of limitations for the tax year ending June 30, 1992, would expire on September 15, 1995; however, the tax year in issue for which a deficiency was determined ended on June 30, 1994.  Respondent is not barred from assessment and collection of a deficiency in income tax for the tax year ending June 30, 1994, by the period of limitations.

Next, petitioner argues that the duty of consistency is applicable in this case.  We may exercise equitable principles so that the duty of consistency applies in this Court, see LeFever v. Commissioner, 103 T.C. 525, 541 (1994), affd. 100 F.3d 778 (10th Cir. 1996); however, it does not apply to the facts of this case.    The duty of consistency doctrine prevents a taxpayer

from taking a position one year, and then a contrary position in a later year after the period of limitations has expired on the first year.  See id. at 541-542; see also United States v. Matheson, 532 F.2d 809, 819 (2d Cir. 1976)(estate estopped to deny decedent's U.S. citizenship after she represented to the U.S. Government for a period of more than 20 years that she was a citizen of the United States).  Petitioner argues that under certain circumstances, the duty of consistency may also apply to the Commissioner.  See, e.g., Conway Import Co. v. United States, 311 F. Supp. 5, 14-15 (E.D.N.Y. 1969)(Commissioner estopped to apply ruling retroactively to recordkeeping system that had been substantially accepted for a long period of time and reviewed by many agents at different levels of authority).  This type of situation is not present here.  Petitioner made an honest mistake in preparing a return, which respondent discovered on audit.  The duty of consistency does not apply against respondent.

Although petitioner argues the duty of consistency applies, petitioner also mentions equitable estoppel and argues on brief that respondent was not timely in reviewing the invalid election, and thereby "provided a wrongful misleading silence upon which the taxpayer relied".  To invoke estoppel against the Government, the party seeking estoppel must show at a minimum:  (1) The existence of a false representation or wrongful misleading silence by the other party; (2) ignorance of the facts; (3)

reasonable reliance on the false representation or wrongful misleading silence of the other party; (4) error in a statement of facts and not in an opinion or statement of law; and (5) a resulting detriment to the party relying on the false statement or misleading silence.  See <u>Garland v. Commissioner</u>, T.C. Memo. 1993-190.  Petitioner has not proven any of the elements of equitable estoppel.

For the foregoing reasons,

<u>Decision will be entered</u>

<u>under Rule 155</u>.